NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RUBIA LASTENIA MENJIVAR-
RAMIREZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-277

Agency No.
A208-382-555

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 13, 2023[**]
Pasadena, California

Before: WALLACH,[***] CHRISTEN, and OWENS, Circuit Judges.

Rubia Lastenia Menjivar-Ramirez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' (BIA) order dismissing

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Evan J. Wallach, United States Senior Circuit Judge for the Federal Circuit, sitting by designation.

her appeal of an immigration judge's (IJ) order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture. Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency determination. *See* 8 C.F.R. § 1003.1(e)(4)(ii); *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir. 2003). We assume the parties' familiarity with the facts and recite them only as necessary. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.

Substantial evidence supports the IJ's denial of Menjivar-Ramirez's applications based on an adverse credibility finding. *See Kin v. Holder*, 595 F.3d 1050, 1054 (9th Cir. 2010) (reviewing adverse credibility finding for substantial evidence). The IJ identified six inconsistencies in Menjivar-Ramirez's testimony and gave her "an opportunity to explain each inconsistency." *Barseghyan v. Garland*, 39 F.4th 1138, 1143 (9th Cir. 2022). Menjivar-Ramirez did not know or remember critical details and was unable to fully account for any of the inconsistencies. The IJ had also given Menjivar-Ramirez and her counsel the opportunity to make any needed corrections to her application and supporting documentation before she testified. The totality of the circumstances and all relevant factors therefore support the IJ's adverse credibility determination. *See Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc).

**PETITION DENIED.**